**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2015


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GREGORY MARCELL JOHNSON, | No. 13-16802 |
| Plaintiff - Appellant, | D.C. No. 4:12-cv-01580-PJH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted November 18, 2015**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and M. SMITH, Circuit Judges.

Gregory Johnson appeals the district court's judgment affirming the final

decision of the Administrative Law Judge (ALJ) that Johnson was not eligible for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

social security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

In his opening brief, Johnson raises a variety of reasons why he believes the ALJ should have awarded him benefits. In his reply brief, however, Johnson concedes that all but one of his challenges to the ALJ's decision are waived because he failed to raise them before the district court. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006). The only remaining issue is whether Johnson, who is functionally illiterate, is capable of performing his past relevant work as a cook supervisor.

"We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). The ALJ's determination that Johnson was capable of performing his past relevant work was supported by substantial evidence because Johnson had, in fact, performed that work without being required to read or write.

The agency is governed by a five-step sequential evaluation process for determining whether Johnson is eligible for disability benefits. 20 C.F.R. § 404.1520(a). In steps one through four, the burden is on the claimant to prove that he is disabled. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689

(9th Cir. 2009). At step four in the disability analysis, an ALJ compares the claimant's residual functional capacity with his past relevant work, and if the claimant can still perform that work, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv), (f). Johnson testified that he worked regular eight-hour days as a cook supervisor, a job that did not require him to read or write. In addition to Johnson's testimony, the ALJ specifically asked the vocational expert whether a hypothetical individual with Johnson's physical and mental limitations (including his illiteracy), could perform Johnson's past work. 20 C.F.R. § 404.1560(b)(2). The vocational expert responded that yes, a claimant could perform the work as Johnson had described it (i.e., with no requirement that he read or write). Johnson has not pointed to any contrary evidence in the record.

Johnson also contends that the ALJ erred because he did not consult the Dictionary of Occupational Titles (DOT) to determine whether Johnson's past relevant work, as generally performed in the national economy, would require literacy. This is not required. An ALJ can find the claimant not disabled at step four by finding *either* that the claimant retains the capacity "to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it" *or* "the job as ordinarily required by employers throughout the national economy." SSR 82–61, 1982 WL 31387 (January 1, 1982).

3

An ALJ may refer to the DOT in order to ultimately determine whether a particular claimant can do his or her actual past relevant work, but is not required to do so. 20 C.F.R. § 404.1560(b)(2).

Because the ALJ's decision was supported by substantial evidence and free from legal error, we affirm.

**AFFIRMED.**